**GLD-266**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1929
_____

MELVIN X. LINDSAY,
Appellant

v.

RAYMOND LAWLER; C.O. JON FISHER; BRIAN CORBIN; JOSEPH KELLER;
ARVIL LOVETT; WILLIAM ZURYBUDA; KRISTA FISHER, Psych. Serv. Specialist;
TABB BICKELL, Supt.; C.M. COOK, Unit Mgr.; J.A. ECKARD, Deputy Supt.; SEC.
DEPT. OF CORREC JOHN WETZEL; JEFFREY BEARD; DORINA VARNER, Chief
Grievance Officer; BENJAMIN MARTINEZ, Parole Board Member; DEBORAH
COOK, Parole Board Examiner; CATHERINE MCVEY, Chairwoman
of the PA Board of Probation & Parole; JOHN AND JANE DOE 1-10
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00893)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 30, 2012)
_____

OPINION
_____

1

PER CURIAM

Melvin X. Lindsay appeals the District Court's order denying his motion for a preliminary injunction. For the reasons below, we will summarily affirm the District Court's order.

In his complaint, Lindsay alleged that he had been arbitrarily and capriciously denied parole for fourteen years because the Parole Board's rules, policies, and statutes had been applied to him retroactively. He contended that prison officials refused to give him institutional support for parole because he will not admit his guilt with respect to a rape for which he was convicted in April 1983, and refuses to participate in a sex offender treatment program (SOTP) as required by 42 Pa. Cons. Stat. § 9718.1.[1] Lindsay requested injunctive relief as well as compensatory and punitive damages. The District Court dismissed the complaint as to several defendants and denied Lindsay's motion for a preliminary injunction. Lindsay filed a notice of appeal. The case is continuing in the District Court with respect to the remaining defendants.

We have jurisdiction over the appeal of the order to the extent that it denied Lindsay's request for injunctive relief. 28 U.S.C. § 1292(a)(1). We review the denial of a motion for a preliminary injunction to determine whether the District Court abused its discretion, committed an obvious error in applying the law, or made a serious mistake in considering the proof. In re Assets of Myles Martin, 1 F.3d 1351, 1357 (3d Cir. 1993).

_____

[1]  Section 9718.1 requires that sex offenders attend a treatment program in order to be eligible for parole.

In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

Lindsay contended that retroactive application of 42 Pa. Cons. Stat. § 9718.1 and amendments to the regulations applied by the Parole Board violated his constitutional rights. He requested that the defendants be enjoined from requiring him to participate in the SOTP in order to receive parole or institutional support for parole. The District Court determined that Lindsay would not suffer any irreparable harm if an injunction was not granted. We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We conclude that Lindsay has not shown a reasonable probability of success on the merits.

In order to show a violation of the Ex Post Facto Clause, Lindsay must show that as applied to his sentence, the change in the law created a significant risk of increasing his punishment. Garner v. Jones, 529 U.S. 244, 255 (2000). "[T]he ultimate question is the effect of the change in parole standards on the individual's risk of increased punishment." Richardson v. Pa. Bd. of Probation and Parole, 423 F.3d 282, 291 (3d Cir. 2005); see also Newman v. Beard, 617 F.3d 775, 785-86 (3d Cir. 2010).

Lindsay alleged that in 1995 he was approved for home furloughs and placement in a community corrections center but that this status was revoked based on the 1996

amendments to the Parole Board's policies. Lindsay asserted that when he was denied parole in October 1996, the Board gave the following reasons for the denial: assaultive instant offense, very high assaultive behavior potential, victim injury, weapon involved in commission of the offense, substance abuse, need for counseling, and unfavorable recommendation from the DOC. Compl. at ¶15. However, only denials of parole during the two-year period before the filing of the complaint in April 2011 fall within the statute of limitations.[2]

Lindsay claimed that in May or June of 2009, he was interviewed for parole and the interview ended within five minutes because he would not admit guilt for his sex offense and participate in the SOTP. Compl. at ¶35. Lindsay asserted that he was then denied parole in June 2009. However, he did not describe the reasons given by the Parole Board or submit any documents related to the denial.

Lindsay alleges that he was approved for release before the parole regulations were amended in 1996 and § 9718.1 was enacted in 2000, but that he is now being denied parole. However, since that time he was convicted of an additional serious criminal charge of aggravated assault.[3] Moreover, we note that the Parole Board determined that

---

[2] Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U. S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. Ann. § 5524.

[3] Lindsay stated that he is currently serving an aggregate sentence of 15 years and 3 months to 36 years in prison. That sentence appears to include time for his 1985 convictions for rape, six counts of robbery, and criminal conspiracy, see C.A. No. 06-3510, and a 2 year and 3 month to 10 year sentence imposed in November 2005.

4

Lindsay had a need for counseling in 1996, four years before § 9718.1 was enacted. Lindsay has not shown a reasonable probability of success in demonstrating that the amended 1996 Parole Board regulations or the application of § 9718.1 created a significant risk of increasing his punishment.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.1.

According to the electronic docket of the Court of Common Pleas of Fayette County, this 2005 sentence was for a conviction for aggravated assault and simple assault.